# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHNNIE L. BANKSTON, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 11-1271 |
| MADELINE MCLAUCHLAN, JANE WALLER ANDERSON, DONALD D. BERNARDI AND KEVIN P. FITZGERALD | ) |
| Defendants. | ) |

## ORDER

Before the Court are Defendants' Motions to Dismiss the Plaintiff's Complaint [#12 and #15]. For the following reasons, the Motions are GRANTED and the cause of action against each of the moving Defendants is DISMISSED with prejudice. Defendant Jane Waller Anderson has not been served at this time and no motion is pending related to this Defendant. No action is taken by the Court with respect to this Defendant at this time.

## BACKGROUND

On July 22, 2011, Plaintiff Johnnie L. Bankston ("Bankston" or "Plaintiff") filed a Complaint against Defendants Assistant State's Attorney Madline McLauchlan ("ASA McLauchlan"), Jane Waller Anderson, Judge Donald D. Bernardi (retired) ("Judge Bernardi"), and Judge Kevin Fitzgerald ("Judge Fitzgerald") alleging that Defendants violated his rights under 42 U.S.C. § 1983. Plaintiff's allegations against the Defendant Judges Bernardi and Fitzgerald appear to arise from their actions in a McLean County

1

Circuit Court case involving Plaintiff's parental rights. Bankston's action against ASA McLauchlan apparently arises from her action of adding Plaintiff as a party in the child custody case. Finally, the claims against non-moving Defendant Ms. Jane Waller Anderson, a social worker, are less clear but based on the Complaint she apparently stated at some point in the underlying child custody case that the Plaintiff failed to complete some programs or services. However, Defendant Anderson has not been served and there is no motion pending related to her at this time. In the end, Bankston requests this Court to reinstate his parental rights and award damages.

On August 29, 20111, Judge Bernardi and Judge Fitzgerald filed a Motion to Dismiss asserting, among other things, that: (1) Plaintiff failed to state a claim upon which relief can be granted, (2) that this Court lacks jurisdiction to review the State Court Decision, (3) Plaintiff's request for injunctive relief is barred by the Eleventh Amendment, and (4) that the Judges are entitled to judicial immunity. On September 12, 2011, ASA McLauchlan also filed a Motion to Dismiss contending that dismissal against her is appropriate because: (1) Plaintiff has failed to state a claim, (2) the claims against her fail due to statute of limitations, (3) she is entitled to absolute immunity, and (4) this Court lacks jurisdiction to review the Illinois state court decision under the Rooker-Feldman doctrine.

Coupled with their Motion, the Defendant Judges submitted an order issued by the Appellate Court of Illinois -Fourth District involving the appeal of Bankston of the McLean County Circuit Court decision. The order provides additional background regarding the underlying child custody case that is helpful in putting Bankston's claim in contexts; however, as illustrated below these facts are not ultimately determinative of the instant

Motions.  The Seventh Circuit provides that the Court may take judicial notice of the public record without converting Defendant's Motion to motion for summary judgment and the Court does so for the purpose noted above.  Henson v. CSC Credit Service, 29 F.3d 280, 284 (7th Cir. 1994).  The Order provides that in May 2005, the Illinois Department of Children and Family Services took a child (ultimately shown to be the child of Bankston) into protective custody from the care of his mother.  In re: B.B., a Minor, The People of State of Illinois v. Johnnie Bankston, No. 40-09-0899 (Ill.App.Ct. April 6, 2010).  In June 2005, Bankston was ordered to submit to a paternity test and in May 2006, Bankston's paternity of the child was established.  Id.  In April 2008, the State filed a petition in the Circuit Court of McLean County to terminate Bankston's parental rights on the basis of depravity and repeated incarceration.  Id.  While other hearings occurred in Bankston's state case, ultimately on October 28, 2009, the Circuit Court found that Bankston was an unfit parent on the basis alleged in the petition.  Id.  Bankston appealed to the Appellate Court of Illinois - Fourth District arguing that his case should be overturned because he was denied his right to counsel.  Id.  The Appellate Court rejected his argument and affirmed the lower court.  Id.  Parenthetically, with only a brief exception when he was released on parole, Bankston was an inmate in the custody of the Illinois Department of Corrections during his state court proceedings.  Id.

Plaintiff was given notice of the case dispostive motions, provided the time frame for a response and informed of the consequences of failing to respond.  As of the date of this Order, Plaintiff has failed to respond.  This Order follows.

## **STANDARD OF REVIEW**

In resolving a motion to dismiss, this Court must consider all well-pled facts as true and must draw all inferences in favor of the non-moving party. Bontkowski v. First Nat'l Bank of Cicero, 998 F.2d 459, 461 (7th Cir. 1993). In ruling on a motion to dismiss, Courts consider whether relief is possible under any set of facts that could be established consistent with the allegations in the complaint. Conley v. Gibson, 355 U.S. 41, 45–46 (1957). This Court will dismiss a claim only if it is beyond doubt that no set of facts would entitle the Plaintiff to relief. *Chaney v. Suburban Bus. Div.*, 52 F.3d 623, 627 (7th Cir. 1995); *Venture Associates. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 432 (7th Cir. 1993). In the instant matter, the Court recognizes that Plaintiff is pro se and in reviewing his complaint the Court should hold it "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).

## **DISCUSSION**

As an initial matter, Local Rule 7.1(B)(2) provides that if no response is timely filed, the Court will presume there is no opposition to the motion and may rule without further notice to the parties. Plaintiff was given adequate notice of the Defendants' dispositive motions and informed of the consequences of failing to respond. Despite this notice, Plaintiff has failed to present any opposition to the Court. As permitted by the Local Rules, the Court shall move forward with ruling on the Motions with the assumption that Plaintiff does not have any objection to the Motion.

**The Complaint fails to state a claim for which relief can be granted**

All of the moving Defendants argue that Bankston has failed to state a claim for which relief can be granted. Rule 8(a) of the Federal Rules of Civil Procedure provides:

> A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction support, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Bankston's Complaint inartfully raises vague allegations that Defendants violated his rights under 42 U.S.C. § 1983 by certain actions of the Defendants in an Illinois state court proceeding involving a determination of his parental rights. Defendants argue that the Complaint fails to state a cause of action because Bankston has failed to allege what, if any, rights were violated. In viewing the contexts of the entire case, as the natural father, Bankston has a fundamental liberty interest in the care, custody, and management of his child protected by the Fourteenth Amendment. The termination of his parental rights clearly interfered with this interest. However, under the most liberal construction, taking all of the allegations in the Complaint as true, the Complaint is void of any action on the part of the Defendants that would lead to the conclusion that they somehow violated this fundamental right.

Bankston makes it clear that his issue related to the Judge Bernardi's conduct is related to him not conducting various hearings in the underlying state case and ordering Bankston to comply with service despite his incarceration. While Judge Bernardi presided over some of the proceedings in the case, he did not ultimately decide the issue

of Bankston's parental rights. Parenthetically, the order of the Appellate Court of Illinois - Fourth District reveals that Bankston participated meaningfully in the various proceedings despite his incarceration. See <u>In re: B.B., a Minor, The People of State of Illinois v. Johnnie Bankston</u>, No. 40-09-0899 (Ill.App.Ct. April 6, 2010). Likewise, Bankston does not argue that ASA McLauchlan decided the status of his parental rights; but rather, added him to a petition to determine the status of his parental rights. While ASA McLauchlan's action may have played a role in bringing this matter to the courts, there is no allegations that she did so in violation of the Constitution or laws of the United States. While Judge Fitzgerald may have presided over the hearing terminated Bankston's parental rights, there are no allegations that his actions were in violation of Constitution or laws of the United States. Because the Complaint fails to state a cause of action against the moving Defendants, dismissal is appropriate.

**The Defendants are entitled to immunity**

Additionally, because Bankston has brought this case against the individual judges and state employees, the Court must determine whether there is any potential basis for liability by the state officials. A thorough review of the Complaint reveals that there has been no allegation that the Judges acted outside of their official capacity. As illustrated above, the action complained of was within the Judge's official capacity. Because these judges were acting within the scope of official capacity, each judge is protected from suit by judicial immunity. See <u>Forester v. White</u>, 484 U.S. 219, 225-29 (1988); <u>Loubser v. Thacker</u>, 440 F.3d 439, 442 (7th Cir. 2006) (citing <u>John v. Barron</u>, 897 F.2d 1387, 1391-92 (7th Cir. 1990)). Judicial immunity also protects these judges from claims for damage. <u>Pulliam v. Allen</u>, 466 U.S. 522, 541-42 (1984). Likewise, ASA McLauchlan

6

has immunity in this case. She too was acting in her official capacity and thus, she is protected by qualified immunity. See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1992). The moving Defendants are entitled to immunity under the various laws and thus, this case must be dismissed.

**The Court is without the authority to grant the injunctive relief Plaintiff' requests**

Finally, in the instant lawsuit, Bankston seeks an order "reinstating [his] parental rights" The Court is without power to grant this type of injunctive relief requested. The Rooker-Feldman doctrine "essentially precludes lower federal court jurisdiction over claims seeking review of state court judgments." Remer v. Burlington Area School Dist., 205 F.3d 990, 996 (7th Cir. 2000). Specifically, it "bars federal jurisdiction when the federal plaintiff alleges that her injury was caused by a state court judgment." Id. The effect of this doctrine is to make it clear that "no matter how erroneous or unconstitutional the state court judgment may be, the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment." Id. As a result, the Court lacks jurisdiction to review the decision of the Illinois state court.

**CONCLUSION**

For the reasons stated herein, Defendants' Motions to Dismiss the Plaintiff's Complaint [#12 and #15] are GRANTED. The cause of action against Defendants Madeline McLauchlan, Judge Donald D. Bernadi and Judge Kevin P. Fitzgerald is DISMISSED, with prejudice. Because she has not been served yet, the case against Defendant Jane Waller Anderson shall proceed; however, the Court finds pursuant to Rule 54 that there is no just reason for delay of entry of final judgment as to the claims

against Defendants Madeline McLauchlan, Judge Donald D. Bernadi and Judge Kevin P. Fitzgerald. <u>See</u> Fed.R.Civ.P 54(b).

ENTERED this 18th day of November 2011.

    /s/   Michael M. Mihm
Michael M. Mihm
U.S. District Court Judge